[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2001
THOMAS K. KAHN
CLERK

_____

No. 99-15373

_____

INS No. A92-186-506

LUIS ERNESTO FERNANDEZ-BERNAL,

Petitioner,

versus

ATTORNEY GENERAL OF THE UNITED STATES,
OFFICE OF IMMIGRATION AND NATURALIZATION,

Respondents.

_____

Petition for Review of an Order of
the Board of Immigration Appeals

_____

(July 19, 2001)

Before CARNES and MARCUS, Circuit Judges, and HAND[*], District Judge.

_____

[*] Honorable William B. Hand, U.S. District Judge for the Southern District of Alabama, sitting by designation.

CARNES, Circuit Judge:

Luis Ernesto Fernandez-Bernal, a foreign national who is a permanent lawful resident of this country, has been convicted of a controlled substance offense in state court. Because of that conviction, he was ordered removed from the United States, and that removal order was affirmed by the Board of Immigration Appeals. He has petitioned us for review, contending that the expungement of his state court conviction means he should not be removed. For the reasons we will discuss, 8 U.S.C. § 1252(a)(2)(C) deprives us of subject-matter jurisdiction over his petition.

## I. FACTS AND PROCEDURAL HISTORY

Fernandez-Bernal is a Peruvian national and a permanent lawful resident of the United States. On October 12, 1990, while living in California, he was arrested and charged with possession of cocaine in violation of § 11350 of the California Health and Safety Code. He pleaded nolo contendere to that charge and, on December 3, 1991, was convicted of it by a California superior court. The court ordered that imposition of a sentence be suspended upon condition that Fernandez-Bernal serve two years of probation following 120 days in the county jail, with credit for 30 days served and for 15 days good time/work time.

On January 17, 1998 Fernandez-Bernal took a trip to Peru to visit relatives. He returned to the United States on February 2, 1998, arriving at the Miami International Airport, and applied for admission as an arriving alien. When a computer check at the airport revealed his prior criminal history, the Immigration and Naturalization Service charged him with being inadmissible[1] to the United States under § 1182(a)(2)[2] of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), and sent him to the Krome North Processing Facility in Miami pending a removal hearing.[3]

---

[1] Because the INS initiated removal proceedings against Fernandez-Bernal after April 1, 1997, the effective date of IIRIRA, this case is governed by IIRIRA's permanent rules. See Galindo-Del Valle v. Attorney General, 213 F.3d 594, 596 (11th Cir. 2000).

[2] The INS initially charged Fernandez-Bernal with being inadmissible under 8 U.S.C. § 1182(a)(2)(C), the provision applicable to controlled substance traffickers, but later dropped that charge and proceeded exclusively under § 1182(a)(2)(A)(i)(II). That provision states:

> [A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of ... a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21) is inadmissible.

8 U.S.C. § 1182(a)(2)(A)(i)(II).

[3] Among the changes made to the Immigration and Nationality Act ("INA") by IIRIRA was the elimination of many of the legal distinctions between "deportation" and "exclusion" proceedings. IIRIRA merged those two proceedings into the more general "removal" proceedings. See 8 U.S.C. §§ 1229-1229c; Richardson v. Reno, 162 F.3d 1338, 1345-46 (11th Cir. 1999), vacated and remanded by, 526 U.S. 1142, 119 S.Ct. 2016, readopted in part by, 180 F.3d 1311 (11th Cir. 1999). Section 1229a(a)(3) of IIRIRA provides that, unless specified otherwise in the INA, "a proceeding under this section shall be the sole and exclusive procedure

3

On March 27, 1998, while Fernandez-Bernal awaited his removal hearing, the California Superior court expunged his 1991 conviction for possession of cocaine, acting under the authority of § 1203.4 of the California Penal Code. That statute provides, in relevant part:

> In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation ... the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty. ... [T]he court shall thereupon dismiss the accusations or information against the defendant and ... he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted.

---

for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States." 8 U.S.C. § 1229a(a)(3).

Cal. Pen. Code § 1203.4(a).[4]  Having determined that Fernandez-Bernal satisfied

the conditions of this statute, the California trial court permitted him to withdraw

his nolo contendere plea.  It then entered a plea of "not guilty," and expunged his

drug conviction.

Fernandez-Bernal's removal hearing was held on May 6, 1998.  At the

hearing Fernandez-Bernal admitted he had been found guilty of possession of

cocaine in 1991, and had been convicted for that crime, but he argued that his

conviction had been expunged and, as a result, it was not a "conviction" for

removal purposes.  The immigration judge found that the expungement of his drug

---

[4]  This provision is commonly referred to as a "rehabilitative statute."  See generally Lujan-Armendariz v. INS, 222 F.3d 728, 734-35 (9th Cir. 2000).  The term "rehabilitative statute" describes a variety of laws that allow individuals who are found guilty of certain crimes to have their records cleared, usually based in part on their good behavior for a period of time following the adjudication of guilt.  Id. at 734.  Rehabilitative statutes can be divided into "vacatur" or "set-aside" statutes on the one hand, and "deferred adjudication" statutes on the other.  Fernandez-Bernal's conviction was removed under the former type.  The Ninth Circuit, in its Lujan-Armendariz decision, explained the difference between the two types of rehabilitative statutes:

> [Under a "vacatur" or "set-aside" statute], a formal judgment of conviction is entered after a finding of guilt, but then it is erased after the defendant has served a period of probation or imprisonment and his conviction is ordered dismissed by the judge. ... [Under a "deferred adjudication" statute], no formal judgment of conviction or guilt is ever entered.  Instead, after the defendant pleads or is found guilty, entry of conviction is deferred, and then during or after a period of good behavior, the charges are dismissed and the judge orders the defendant discharged.

Id. 735 n.11.  For convenience in this opinion, we will refer to dispositions under either type of statute as "expungements," though we understand that this may be something of a misnomer where there is no conviction in the offender's record to expunge.  See id.

5

conviction by the California court did not change the fact that Fernandez-Bernal had been "convicted of" possession of a controlled substance within the meaning of IIRIRA § 1182(a)(2), and that he was therefore inadmissible. See 8 U.S.C. § 1101(a)(48)(A). The judge ordered him removed from the United States pursuant to § 1182(a)(2)(A)(i)(II).[5]

Fernandez-Bernal appealed to the Board of Immigration Appeals ("BIA" or "Board"), which affirmed the immigration judge's removal order in a divided decision. The Board concluded that under the statutory definition of "conviction" in IIRIRA § 1101(a)(48)(A), state action which purports to expunge or otherwise remove a guilty plea by means of a state rehabilitative statute has no effect for purposes of immigration law. Accordingly, the Board affirmed the immigration judge's removal order and dismissed Fernandez-Bernal's appeal.

Fernandez-Bernal timely filed this petition for review. See id. § 1252.

## II. CONTENTIONS OF THE PARTIES

Fernandez-Bernal contends that the BIA erred in finding him removable based on IIRIRA § 1182(a)(2)(A)(i)(II), because he does not have a "conviction"

---

[5] The immigration judge also ordered Fernandez-Bernal removed pursuant to § 1182(a)(2)(C), the provision applicable to drug traffickers. See 8 U.S.C. § 1182(a)(2)(C). However, prior to the removal hearing, the INS had abandoned its charge that Fernandez-Bernal was inadmissible under § 1182(a)(2)(C), and for that reason the BIA did not base its affirmance of the immigration judge's removal order on that provision. So, we will not consider it, either.

for a controlled substance offense within the meaning of § 1101(a)(48)(A).

Section 1101(a)(48)(A) states:

> The term "conviction" means ... a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where –
> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A). According to Fernandez-Bernal, the enactment of this statutory definition of "conviction" did not wipe out the effect of all state rehabilitative relief, including expungements, on removal proceedings. In enacting § 1101(a)(48)(A), he argues, Congress merely intended to include within the meaning of the term "conviction" dispositions under deferred adjudication statutes that require further hearings on the merits before the offender is adjudged convicted. Unlike one of those offenders, Fernandez-Bernal was actually convicted by a California superior court for possession of cocaine, but later had his conviction expunged. As a result of that expungement, Fernandez-Bernal maintains, his conviction for a controlled substance offense is not a "conviction" for the purposes of immigration law, 8 U.S.C. §§ 1101(a)(48)(A) & 1182(a)(2)(A)(i)(II), and, therefore, it cannot serve as the basis for removal.

Fernandez-Bernal also contends in the alternative that the definition of conviction in IIRIRA § 1101(a)(48)(A) is unconstitutional as applied to him. He claims that had he been prosecuted under federal law, he would have been eligible for relief under the Federal First Offender Act, 18 U.S.C. § 3607 ("FFOA"), which instructs that a disposition under its provisions is "not ... considered a conviction ... for any other purpose." See 18 U.S.C. § 3607(b). Fernandez-Bernal maintains that IIRIRA did not repeal the FFOA and, as a consequence, a disposition under the FFOA operates as an exception to the definition of "conviction" in § 1101(a)(48)(A). That being the case, he argues, equal protection principles prevent his expunged state law conviction from being considered a "conviction" for immigration purposes.

The government contends that this Court lacks jurisdiction to review the final order of removal against Fernandez-Bernal. Under IIRIRA § 1252(a)(2)(C), we must determine whether Fernandez-Bernal is "an alien who is removable by reason of having committed a criminal offense covered in § 1182(a)(2) ... of this title." 8 U.S.C. § 1252(a)(2)(C). If he is, then we lack jurisdiction to consider his petition for review of the final order of removal, except insofar as the petition raises a constitutional challenge to IIRIRA. See Galindo-Del Valle v. Attorney General, 213 F.3d 594, 598 (11th Cir. 2000).

8

# III. DISCUSSION

## A. JURISDICTION

Section 1252(a)(2)(C) of IIRIRA significantly limits judicial review of a final order of removal. That section states:

> Notwithstanding any other provision of law, <u>no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)</u> or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

8 U.S.C. § 1252(a)(2)(C) (emphasis added). We have previously said that this provision strips us of jurisdiction to review a final order of removal of an alien who is removable "based on a conviction for an offense enumerated in the statute." Galindo-Del Valle, 213 F.3d at 598; see Le v. United States Attorney General, 196 F.3d 1352, 1354 (11th Cir. 1999). That said, the jurisdictional bar in § 1252(a)(2)(C) is worded more broadly than that. By its plain language, it strips us of jurisdiction if the petitioner is (1) an alien (2) who is removable (3) because he "<u>committed</u> a criminal offense" enumerated in the statute. 8 U.S.C. § 1252(a)(2)(C) (emphasis added); see Nehme v. INS, ___ F.3d ___, 2001 WL 533357, *2 (5th Cir. June 5, 2001). The third prong of the jurisdiction-stripping

9

provision is the petitioner's commission of a covered offense. Although not the only way, a conviction is one way of establishing the commission of an offense.

Because Fernandez-Bernal concedes that he is an alien, we need only determine whether he "committed" an offense covered in § 1182(a)(2) and, if so, whether he is "removable" within the meaning of the jurisdictional bar in § 1252(a)(2)(C). See 8 U.S.C. § 1252(a)(2)(C); Galindo-Del Valle, 213 F.3d at 598.[6] We have no trouble concluding that he "committed" a criminal offense covered in § 1182(a)(2). That section covers, among other offenses, violations of "any law or regulation of a State ... relating to a controlled substance ...." 8 U.S.C. § 1182(a)(2)(A)(i)(II). In 1990 Fernandez-Bernal possessed cocaine, a controlled substance, in violation of California law, and in 1991 he pleaded nolo contendere to that charge and was convicted for it. He has undoubtedly committed a criminal offense covered in § 1182(a)(2).

We turn next to the question of whether Fernandez-Bernal "is removable" within the meaning of § 1252(a)(2)(C). Under that provision, we lack jurisdiction to review Fernandez-Bernal's petition if he "is removable by reason of having

_____

    [6] We have jurisdiction to determine the underlying jurisdictional facts at issue: whether Fernandez-Bernal is (1) an alien (2) who is removable (3) because he "committed a criminal offense covered in section 1182(a)(2) ... of this title." 8 U.S.C. § 1252(a)(2)(C); see Galindo-Del Valle, 213 F.3d at 597-98; Richardson v. Reno, 180 F.3d 1311, 1316 (11th Cir. 1999), cert denied, 529 U.S. 1036, 120 S. Ct. 1529 (2000); Tapia Garcia v. INS, 237 F.3d 1216, 1220 (10th Cir. 2001) (citing circuit courts of appeal in accordance).

10

committed" a controlled substance offense.  Id. § 1252(a)(2)(C).  Fernandez-Bernal was ordered removed by the immigration judge and the BIA pursuant to § 1182(a)(2)(A)(i)(II), and that provision does not speak in terms of the alien "having committed" the offense, but instead speaks of the alien having been convicted of it, or having admitted to committing it or acts constituting it.  Section 1182(a)(2)(A)(i)(II) provides for the removal of any alien:

> [C]onvicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of ... a violation (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance ....

Id. § 1182(a)(2)(A)(i)(II) (emphasis added); see also id. § 1229a(e)(2)(A).

So, Fernandez-Bernal "is removable" within the meaning of the jurisdictional bar in § 1252(a)(2)(C) if he is removable for one of the reasons listed in § 1182(a)(2)(A)(i)(II).  In other words, we lack jurisdiction to review Fernandez-Bernal's petition if he is removable by reason of having been "convicted of" a controlled substance offense, if he is removable by reason of having admitted committing a controlled substance offense, or if he is removable by reason of having admitted committing acts which constitute the essential elements of a controlled substance offense.  See id. § 1182(a)(2)(A)(i)(II).  The jurisdictional inquiry thus merges with the question of removability under §

11

1182(a)(2):  If Fernandez-Bernal is in fact removable under § 1182(a)(2)(A)(i)(II),

then he is removable for the purposes of § 1252(a)(2)(C), and we do not have

jurisdiction to review his petition.  See Sui v. INS, 250 F.3d 105, 110 (2d Cir.

2001) (the jurisdictional inquiry merges with the merits inquiry); see e.g., Le, 196

F.3d at 1354 (section 1252(a)(2)(C) bars jurisdiction where petitioner was

convicted of an aggravated felony, which is one of the offenses enumerated in §

1252(a)(2)(C)); Tapia Garcia v. INS, 237 F.3d 1216, 1221-23 (10th Cir. 2001)

(same); Bell v. Reno, 218 F.3d 86, 89-90 (2d Cir. 2000) (same where pleaded

guilty to aggravated felony); Flores-Miramontes v. INS, 212 F.3d 1133, 1135 (9th

Cir. 2000) (same where pleaded guilty to sale or transport of cocaine); Wireko v.

Reno, 211 F.3d 833, 835-36 (4th Cir. 2000) (same where convicted of aggravated

felony).

        Fernandez-Bernal "is removable" within the meaning of § 1252(a)(2)(C)

because at his hearing before the immigration judge and at oral argument before

this Court[7], he admitted, through his counsel, to committing the offense of

_____

        [7] At oral argument Fernandez-Bernal, through his counsel, admitted he illegally
possessed cocaine, but denied that he stood "convicted" of that crime for immigration purposes.
The following exchange took place:

| | |
|---|---|
| Fernandez-Bernal: | We're not denying that [Fernandez-Bernal] was convicted of [possession of cocaine in 1991] under the nolo plea .... |
| Court: | And you wouldn't deny that he committed [that offense], it's just that he's been forgiven. |
| Fernandez-Bernal: | Right.  And therefore it doesn't reach the threshold of being |

12

possession of cocaine. See 8 U.S.C. § 1182(a)(2)(A)(i)(II). It is true that the INS charged him with being inadmissible because it took the position that he was "convicted of" possession of cocaine in 1991, and that he was ordered removed based on that conviction. However, that does not prevent us from finding Fernandez-Bernal is also removable for the jurisdiction-stripping purposes of § 1252(a)(2)(C) on the alternative basis that he "admit[ted] to committing" that offense. See id. § 1182(a)(2)(A)(i)(II). Section 1252(a)(2)(C) strips us of jurisdiction if the alien "is removable." Id. § 1252(a)(2)(C) (emphasis added). Thus, so long as Fernandez-Bernal is in fact removable under § 1182(a)(2), we lack jurisdiction to review his final order of removal.[8] See Lopez-Elias v. Reno, 209 F.3d 788, 793 & n.11 (5th Cir. 2000) ("[S]o long as the alien in fact is removable for committing [an offense enumerated in § 1252(a)(2)(C)], this court

---

... a deportable offense anymore because it had been expunged by a state court.

[8] Due process requires that aliens be given notice and opportunity to be heard in their removal proceedings. See Reno v. Flores, 507 U.S. 292, 306, 113 S.Ct. 1439, 1449 (1993); Choeum v INS, 129 F.3d 29, 38 (1st Cir. 1997). If an appellate court determines it lacks jurisdiction based on an offense that differs from the offense the INS charged the alien with being removable for, then the alien could conceivably be denied the chance to challenge the court's conclusion that he "is removable by reason of having committed" the new offense. 8 U.S.C. § 1252(a)(2)(C); see Briseno v INS, 192 F.3d 1320, 1322-33 (9th Cir. 1999); Choeum, 129 F.3d at 38. However, that is not the case here. Fernandez-Bernal was charged by the INS with being inadmissible under § 1182(a)(2)(A)(i)(II) based on his 1991 conviction for possession of cocaine. He had notice and opportunity to be heard – not only regarding whether he was "convicted of" that crime, 8 U.S.C. § 1182(a)(2)(A)(i)(II), but also as to whether he committed that crime at all. See Briseno, 192 F.3d at 1323; Chowdhury v. INS, ___ F.3d ___, 2001 WL 502479 (9th Cir. May 14, 2001).

13

has no jurisdiction, irrespective of whether the INS originally sought removal for that reason."); Briseno v. INS, 192 F.3d 1320, 1322 (9th Cir. 1999) ("Because the deportation order was necessarily based on [a crime that qualifies as an 'aggravated felony' under IIRIRA], we have no appellate jurisdiction [under IIRIRA transitional rule § 309(c)(4)(G),] even though the deportation order did not characterize the crime as an aggravated felony or base deportation on that ground."); see also Tapia Garcia, 237 F.3d at 1220 ("[Section 1252(a)(2)(C)] divests courts of jurisdiction only if an alien 'is removable by reason of having committed a criminal offense' ....  It does not say that courts lack jurisdiction if the an [sic] alien is found deportable for commission of certain criminal offenses.") (emphasis in original) (citation omitted) (dictum). But see Xiong v. INS, 173 F.3d 601, 608 (7th Cir. 1999); Choeum v. INS, 129 F.3d 29, 38 (1st Cir. 1997).

In Galindo-Del Valle, 213 F.3d at 598, we reached the same conclusion regarding the effect of § 1252(a)(2)(C).  There, the alien was ordered removed because he had been "convicted of" conspiracy to violate a controlled substance law, 8 U.S.C. § 1182(a)(2)(A)(i)(II), and, alternatively, because an immigration officer knew or had reason to believe that he had conspired in the illicit trafficking of a controlled substance, id. § 1182(a)(2)(C).  Galindo-Del Valle, 213 F.3d at 595. We concluded that we lacked jurisdiction to review the alien's petition because he

14

"admitted at his hearing before the [immigration judge] that he ... pleaded guilty to conspiracy to import methaqualone." Id. at 598. Thus, in Galindo-Del Valle, as in this case, we used the alien's admission that he committed a controlled substance offense to apply the jurisdictional bar in § 1252(a)(2)(C), even though the INS did not seek removal on the basis of an admission, and even though the removal order did not rely on the alien's admission.

Fernandez-Bernal admitted through his counsel, both before the immigration judge and before this Court, that he committed the offense of possession of cocaine while living in California in 1990. Thus, like the alien in Galindo-Del Valle, he is "an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)," and § 1252(a)(2)(C) strips us of jurisdiction to review his final order of removal. 8 U.S.C. § 1252(a)(2)(C); see Galindo-Del Valle, 213 F.3d at 598.

This conclusion, however, does not necessarily mandate dismissal of Fernandez-Bernal's petition. Despite the broad language of § 1252(a)(2)(C), we retain jurisdiction to evaluate constitutional challenges to IIRIRA. Galindo Del-Valle, 213 F.3d at 598; see Richardson v. Reno, 180 F.3d 1311, 1316 n.5 (11th Cir. 1999), cert denied, 529 U.S. 1036, 120 S. Ct. 1529 (2000) ("[Section 1252(a)(2)(C)] deals with operational decisions by the INS and does not foreclose

15

constitutional challenges to the statute itself or other substantial constitutional issues ....").  As we explained in Richardson v. Reno, "Congress ... intended to make these administrative decisions non-reviewable to the fullest extent possible under the Constitution."  162 F.3d 1338, 1376 (11th Cir. 1998) (quoting Heikkila v. Barber, 345 U.S. 229, 234, 73 S.Ct. 603, 605 (1953)), vacated and remanded by, 526 U.S. 1142, 119 S.Ct. 2016, readopted in part by, 180 F.3d 1311 (11th Cir. 1999); id. ("[A] court of appeals retains jurisdiction to entertain a constitutional attack on this INA statute as part of an alien's petition for review of a final order under the INA.").  We turn now to Fernandez-Bernal's constitutional challenge.

## B.  FERNANDEZ-BERNAL'S CONSTITUTIONAL CHALLENGE

Fernandez-Bernal contends that the BIA's decision to affirm the immigration judge's order of removal violates his right to equal protection of the laws.  The Fifth Amendment guarantees all individuals in the United States – including aliens – the right to due process.  See Plyler v. Doe, 457 U.S. 202, 210, 102 S.Ct. 2382, 2391 (1982) ("Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments."); Mathews v. Diaz, 426 U.S. 67, 77, 96 S.Ct. 1883, 1890 (1976) (the Fifth Amendment protects aliens from unlawful

16

discrimination by the Federal Government); Richardson, 162 F.3d at 1362-63 & n.114 (aliens who have established permanent resident status are entitled to due process without regard to whether they are "arriving" aliens for the purposes of immigration law). And the Due Process Clause of the Fifth Amendment incorporates the guarantees of equal protection. See Johnson v. Robison, 415 U.S. 361, 364 n.4, 94 S.Ct. 1160, 1165 n.4 (1974); Yeung v. INS, 76 F.3d 337, 339 (11th Cir. 1995); Garberding v. INS, 30 F.3d 1187, 1190 (9th Cir. 1994).

Because federal authority over aliens is plenary, federal classifications that distinguish among groups of aliens are subject to relaxed scrutiny under the rational basis standard of review, and are valid unless "arbitrary or unreasonable." Yeung, 76 F.3d at 339. According to the rational basis standard, such classifications "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." Stanton v. Stanton, 421 U.S. 7, 14, 95 S.Ct. 1373, 1377 (1975) (quotation marks and citation omitted); see Yeung, 76 F.3d at 339; Garberding, 30 F.3d at 1190-91; Francis v. INS, 532 F.2d 268, 272 (2d Cir. 1976).

Fernandez-Bernal argues that the Board's application of IIRIRA § 1101(a)(48)(A) creates two classes of aliens identical in every respect except for

the fact that the members of one class have had their drug convictions expunged under the Federal First Offender Act ("FFOA"), 18 U.S.C. § 3607, while members of the other class have had their drug convictions expunged under a state rehabilitative statute. Only the latter class, Fernandez-Bernal claims, stands "convicted," and thus removable, pursuant to IIRIRA § 1182(a)(2)(A)(i)(II). He maintains that this distinction is arbitrary and unreasonable.

Fernandez-Bernal's constitutional challenge is better understood after a brief review of the background of the FFOA, and how that statute relates to the term "conviction" in IIRIRA § 1101(a)(48)(A).

1.  The Federal First Offender Act and the Definition of "Conviction" in
    § 1101(a)(48)(A)

Prior to the passage of IIRIRA, the BIA's definition of "conviction" for immigration purposes was fluid. In the absence of a statutory definition, the BIA struggled to construct one of its own that was consistent with the myriad rehabilitative statutes which provide expungement procedures. See generally Matter of Roldan-Santoyo, Int. Dec. 3377 (BIA 1999), order vacated sub nom. Lujan-Armendariz v. INS, 222 F.3d 728 (9th Cir. 2000). One such statute, the FFOA, allows certain drug offenders who are prosecuted under federal law to

avoid some of the harsh consequences that often result from drug convictions.[9]  It grants a sentencing court discretion to place a first-time drug offender who has been found guilty of simple possession of a controlled substance on probation for a term of not more than one year.  See 18 U.S.C. § 3607(a).  If the offender successfully completes the term of probation, the FFOA instructs the court to dismiss the proceedings and discharge the offender from probation.  Id.  More importantly, the statute provides that a case disposed of under its provisions "shall not be considered a conviction for the purpose of a disqualification or a disability

---

[9]  The FFOA states in relevant part:

> (a)  Pre-judgment probation – If a person found guilty of [possession of a controlled substance under 21 U.S.C. § 844] –
> > (1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and
> > (2) has not previously been the subject of a disposition under this subsection;
>
> the court may, with the consent of such person, place him on probation for a term of not more than one year without entering a judgment of conviction.  At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering judgment of conviction, dismiss the proceedings against the person and discharge him from probation.  At the expiration of the term of probation, if the person has not violated a condition of his probation, the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation.
>
> (b) Record of disposition – .... A disposition under subsection (a) ... shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose.

18 U.S.C. § 3607.

19

imposed by law upon conviction of a crime, or for <u>any other purpose</u>." <u>Id</u>. §

3607(b) (emphasis added).

Prior to the enactment of the FFOA, the BIA had a longstanding policy of

disregarding the expungement of drug convictions. <u>See</u> <u>Matter of A– F–</u>, 8 I & N

Dec. 429, 445-46 (BIA, A.G. 1959). <u>See</u> generally <u>Lujan-Armendariz</u>, 222 F.3d at

734-43 (providing history of legal developments this area). After the enactment of

the FFOA, however, the INS changed its policy on expungements. In <u>Matter of</u>

<u>Werk</u>, 16 I & N Dec. 234 (BIA 1977), the BIA held that a drug offense expunged

under the FFOA, or under any of the various state law "counterparts" to the FFOA,

was not a conviction for immigration purposes and, therefore, could not serve as a

predicate for deportation. A state law "counterpart" was identified by the BIA as a

state rehabilitative statute that was no "broader in scope than the FFOA." <u>In re</u>

<u>Manrique</u>, 21 I & N Dec. 58 (BIA 1995).

Eventually the BIA expanded this new policy to include expungements

under more general state rehabilitative statutes. Many state statutes are not exact

"counterparts" to the FFOA. They are either not limited to the expungement of

<u>drug possession</u> offenses, or are not limited to the expungement of <u>first</u> offenses.

<u>See</u> <u>Lujan-Armendariz</u>, 222 F.3d at 737-38. Under the reasoning of <u>Werk</u> and

other Board decisions, <u>see</u>, <u>e.g.</u>, <u>Matter of Deris</u>, 20 I & N Dec. 5 (BIA 1989),

aliens whose offenses were expunged under these more general rehabilitative statutes were not eligible for first offender treatment, even though they were guilty only of first-time simple possession. That resulted in what was perceived to be inconsistent treatment of those who were similarly situated.

In order to eliminate this perceived inconsistency, and thereby effectuate a more "uniform and fair application of the immigration laws," the BIA did away with the requirement that drug offenses be expunged under state law "counterparts" to the FFOA. See Manrique. The Board held in Manrique that "an alien who has been accorded rehabilitative treatment under a state statute will not be deported if he establishes that he would have been eligible for federal first offender treatment under the provisions of [the FFOA] had he been prosecuted under federal law." Id.[10] According to the Board, there was no rational basis for

---

[10] The BIA's decision in Manrique held that an alien accorded rehabilitative treatment under state law must satisfy four criteria in order to demonstrate eligibility for relief under the FFOA:

> 1. The alien is a first offender, i.e., has not previously been convicted of violating any federal or state law relating to controlled substances.
> 2. The alien has pled to or been found guilty of the offense of simple possession of a controlled substance.
> 3. The alien has not previously been accorded first offender treatment under any law.
> 4. The court has entered an order pursuant to a state rehabilitative statute under which the alien's criminal proceedings have been deferred pending successful completion of probation or the proceedings have been or will be dismissed after probation.

Manrique.

21

treating an alien whose first-time simple possession offense was expunged under a state statute differently from an alien who committed the same crime, but who was fortunate enough to have his or her offense expunged under the FFOA or a state law "counterpart" to the FFOA. Id. (citing Garberding, 30 F.3d at 1190-91); see also Paredes-Urrestarazu v. United States, 36 F.3d 801, 812-13 (9th Cir. 1994) (aliens who would not have been eligible for relief under the FFOA had they been prosecuted under federal law are not entitled to the benefits of the FFOA).

After the refined policy we have just discussed was put into place, Congress enacted IIRIRA in 1996. As part of IIRIRA Congress provided, for the first time ever, a statutory definition of "conviction" in § 1101(a)(48)(A). That definition states:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where –
> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted to sufficient facts to warrant a finding of guilt, and
> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A).

Section 1101(a)(48)(A) emphasizes the finding or admission of guilt as the critical factor in determining whether an alien has a "conviction" for immigration purposes. However, there is budding disagreement about whether it wholly

22

negates the effect on removal cases of all state rehabilitative measures that purport to expunge or otherwise remove a conviction or other record of guilt. Compare Lujan-Armendariz, 222 F.3d at 742 (finding "highly unpersuasive" the argument that § 1101(a)(48)(A) eliminates the INS policy that a conviction which is expunged under state rehabilitative law may not serve as a basis for removal) (dictum), with Herrera-Inirio v. INS, 208 F.3d 299, 305 (1st Cir. 2000) ("[S]tate rehabilitative programs that have the effect of vacating a conviction other than on the merits or on a basis tied to the violation of a statutory or constitutional right in the underlying criminal case have no bearing in determining whether an alien is to be considered 'convicted' under section 1101(a)(48)(A)."), and Nwandu v. Crocetti, 248 F.3d 1135(4th Cir. 2001) ("Under the statutory definition of 'conviction' set forth in [§ 1101(a)(48)(A)] ..., no apparent effect is given to court actions which purport to expunge, dismiss, cancel, vacate, discharge, or otherwise remove a guilty plea or other record of guilt or conviction.") (unpublished disposition) (dictum). See also Roldan-Santoyo, at n.9 ("We will leave the question of the effect to be given in immigration proceedings to first offender treatment accorded to an alien under [the FFOA] by a federal court to a case when that issue is directly presented."). The constitutional argument raised by Fernandez-Bernal does not require us to resolve that disagreement, but instead

23

focuses on a narrower question: whether, consistent with equal protection, his conviction for first-time simple possession of cocaine, which was expunged under California law, can serve as a basis for removal under IIRIRA § 1182(a)(2)(A)(i)(II), when the sentence he received would have made him ineligible for expungement under the FFOA. We hold that it can.

2.      Whether the Board's Application of IIRIRA Violates Equal Protection

In affirming the immigration judge's order of removal, the BIA concluded that the statutory definition of conviction in IIRIRA § 1101(a)(48)(A) supersedes the INS policy which accords first offender treatment under the FFOA to aliens whose offenses were expunged under state law if they establish that they would have been eligible for such treatment had they been prosecuted under federal law. In support of that conclusion, the Board relied heavily on its prior decision in Roldan-Santoyo, in which it explained:

> [S]tate action that purports to abrogate what would otherwise be considered a conviction, as the result of the application of a state rehabilitative statute, rather than as the result of a procedure that vacates a conviction on the merits or on grounds relating to a statutory or constitutional violation, has no effect in determining whether an alien has been convicted for immigration purposes. ... Congress has stated what a conviction is [in § 1101(a)(48)(A)]..., and it has not provided any exception for aliens who have been accorded rehabilitative treatment under state law. ... [T]o continue to apply a policy exception providing federal first offender treatment to certain drug offenders who have received state rehabilitative treatment, in the face of the definition provided by Congress, would be tantamount to

24

creating a new form of relief that is not provided for in the Act. This we cannot do.

Roldan-Santoyo.[11]  In accordance with that reasoning, the Board found that Fernandez-Bernal's first-time conviction for simple possession of cocaine could serve as a predicate for removal even though it had been expunged under California law, and affirmed the immigration judge's order of removal.

On appeal, Fernandez-Bernal contends that the BIA's application of IIRIRA violates his right to equal protection.  He argues that the FFOA serves as a "specific exception" to § 1101(a)(48)(A) because IIRIRA did not repeal the FFOA in whole or in part.  Accordingly, he claims, a dismissal of a first-time simple possession offense under the FFOA is still "not ... considered a conviction ... for any other purpose," see 18 U.S.C. § 3607(b), including the purposes of immigration law.  That being the case, Fernandez-Bernal maintains, his conviction for first-time simple possession of cocaine, which was expunged under a state rehabilitative statute, must also be viewed as an exception to § 1101(a)(48)(A). See Lujan-Armendariz, 222 F.3d at 749.  Otherwise, he argues, the Board's finding of removability was predicated on the "fortuitous circumstance" of his conviction

---

[11] The soundness of the BIA's conclusion concerning the effect of § 1101(a)(48)(A) on state rehabilitative measures has been called into question by the Ninth Circuit's rejection of much of Roldan-Santoyo's reasoning in Lujan-Armendariz v. INS, 222 F.3d 728 (9th Cir. 2000). The facts of this case afford us no occasion to decide whether we agree with the BIA or the Ninth Circuit on that matter.

25

having been expunged under state law instead of under the FFOA. Removal on that basis, Fernandez-Bernal claims, violates equal protection because it has no logical relation to the fair administration of the immigration laws, or to the war on drugs. See Garberding, 30 F.3d at 1191; see also Lujan-Armendariz, 222 F.3d at 742 n.24, 749.

We disagree. Even if we assume that a dismissal of a drug offense under the FFOA operates as an exception to the definition of "conviction" in IIRIRA § 1101(a)(48)(A) and, assume further, that equal protection mandates we hold the same exception applies to certain aliens whose drug offenses were expunged under state law, Fernandez-Bernal's constitutional claim nevertheless fails. By its terms, the FFOA permits a court to place an eligible drug offender, as defined by § 3607(a)(1)-(2), see supra n.9, on probation "for a term of not more than one year ...." 18 U.S.C. § 3607(a). The court "may" thereafter dismiss the proceedings before the expiration of the probationary period without entering a judgment of conviction if the offender has not violated the terms of probation. Id. At the expiration of probation, the court "shall" dismiss the proceedings if the offender has not violated the terms of probation. Id. In either case, the offense is not considered a "conviction ... for any other purpose." Id. § 3607(b).

Fernandez-Bernal could not have received FFOA expungement relief, because he was actually sentenced to two years of probation, as well as a term in jail. Relief under FFOA § 3607(b) is not available to an individual sentenced to a term of probation that exceeds one year; nor is it available to anyone sentenced to jail time. See Manrique (in order for an alien accorded rehabilitative treatment under a state statute to establish eligibility for relief under the FFOA, the state court must have "entered an order ... under which the alien's criminal proceedings have been deferred pending successful completion of probation or the proceedings have been or will be dismissed after probation"); see also Nwandu, 248 F.3d 1135 (alien would not have be eligible to have his conviction expunged under the FFOA because it was for smuggling drugs, not possessing drugs) (unpublished disposition) (dicta); Sanchez-Morfin v INS, 85 F.3d 637 (9th Cir. 1996) (relief under the policy exception of Manrique not available because alien violated the terms of his probation, and "[t]he federal statute does not seem to help probation violators") (unpublished disposition); Parades-Urrestarazu, 36 F.3d at 812 (alien who met the eligibility requirements of FFOA § 3607(a)(1)-(2) could not receive the relief specified in § 3607(c) because that provision only applies to persons "under twenty one years of age at the time of the offense," and alien was twenty-eight at the time in question).

The decisions relied on by Fernandez-Bernal hold only that it is irrational

and violative of due process to treat aliens differently based on the breadth of the

state rehabilitative statute used to expunge their offenses.  See Garberding, 30 F.3d

at 1190-91; Manrique; see also Carr v. INS, 86 F.3d 949, 952 (9th Cir. 1996)

("[Garberding] concluded only that treating aliens differently on the basis of their

state expungement statute is irrational ....").[12]  Those decisions do not hold that

treating aliens differently based on the nature of the sentences they received

violates equal protection.  Cf. Carr, 86 F.3d at 952.  And, of course, it does not.

---

[12]  In Lujan-Armendariz, the Ninth Circuit's latest interpretation of its Garberding decision, the court held that an offense expunged under a state rehabilitative statute may not serve as a basis for removal if the alien would have met the eligibility requirements in FFOA § 3607(a)(1)-(2) – i.e., the crime was first-time simple possession – had the alien been prosecuted under federal law.  See Lujan-Armendariz, 222 F.3d at 738 n.18.  The critical question, according to Lujan-Armendariz, is "what [the alien] did."  Id. (quoting Garberding, 30 F.3d at 1191).  The Ninth Circuit did, however, note a possible qualification to its holding:

> The BIA's decision in Manrique, unlike our decision in Garberding, appears to limit its rule in one potentially important respect.  Under Manrique, it appears that an otherwise eligible offender can only qualify for relief if he receives probation, as opposed to imprisonment, and then later has the record of his sentence expunged.

Id. (emphasis in original).  The court in Lujan-Armendariz explained that it need not decide whether this qualification constituted an acceptable interpretation of Garberding, because the alien had, in fact, been sentenced to probation (albeit with a short jail term included).  Id.

To the extent that this dicta from Lujan-Armendariz suggests than an expunged offense for first-time simple possession cannot serve as a basis for removal – even where the alien was sentenced to more than one year of probation or to a term in jail – we disagree with it.  It is wrong, because nothing requires that aliens whose sentences would not have been expunged under the FFOA be given better treatment under the immigration laws merely because they received their sentences and expungements under state law.

28

We conclude that Fernandez-Bernal's drug offense could not have been expunged under the FFOA had he received his sentence under federal law and, therefore, the BIA did not violate equal protection in ordering him removed from the United States.[13]

## IV. CONCLUSION

Because we lack jurisdiction to review the final order of removal against Fernandez-Bernal, we dismiss his petition for review.

PETITION DISMISSED.

---

[13] Fernandez-Bernal also contends that if he is removable, he is eligible to apply for discretionary relief under former 8 U.S.C. § 1182(c), which was repealed by IIRIRA § 1229b(a). However, he failed to raise this issue before the BIA and, as a result of that failure, we do not have jurisdiction to consider it here. See 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right ...."); Galindo-Del Valle, 213 F.3d at 599; see also Asencio v. INS, 37 F.3d 614, 615-16 (11th Cir. 1994) ("[A] court lacks jurisdiction to consider a claim which has not first been presented to the Board ....").