[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------
No. 05-12356
Non-Argument Calendar
----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2006
THOMAS K. KAHN
CLERK

BIA No. A79-471-198

MARTHA CECILIA TOSCANO-CABRALES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
----------------------------------------------------------------

**(May 18, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Martha Cecilia Toscano-Cabrales, a native and citizen of

Colombia proceeding pro se, petitions this Court for review of the order of the

Board of Immigration Appeals ("BIA"), which affirmed, without opinion, the decision of the immigration judge ("IJ") denying her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT").[1] We dismiss her petition in part and deny it part.

According to Petitioner's application for asylum and her testimony before the IJ, the National Liberation Army ("ELN") persecuted her based on her political opinion and her membership in the Colombian Liberal Party. Petitioner had been an activist in the Liberal Party since 1983. She was a chemical engineer who, in 1995, joined Ecopetrol, a Colombian oil company. In 1996, she formed a company that consulted with Ecopetrol.

On 31 July 1999, Petitioner conducted a seminar in Bucaramanga on environmental matters, during which she criticized guerrilla groups for attacking the oil supply. After the seminar, she returned to a friend's house, where she received a threatening phone call. The caller asked for Petitioner, identified himself as an ELN member, told her that she was "pro-imperialist" and, stated that, because she conducted conferences "that were full of BS," he was giving her

---

[1]Petitioner's husband and son were derivative applicants on her asylum petition. The petition for review names "Maria Cecilia Toscano Cabrales et al." as petitioner. Federal Rule of Appellate Procedure 15 requires each petitioner to be named specifically in the petition for review. So, only Toscano is a proper petitioner. Regardless, as we decide that Petitioner is entitled to no relief, her husband and son, as derivative applicants, also would be entitled to no relief were they proper petitioners.

12 hours to leave Bucaramanga and to disappear. Petitioner and her husband decided to quit their jobs.

On 5 August 1999, after Petitioner had returned to her home in Floridablanca, less than 2 hours from Bucaramanga, she discovered that three people had broken into her home earlier that day and had ransacked a desk. They took nothing of value. Petitioner's husband found a message on the back of the house from the ELN reading "snitches should be taken to trial." A neighbor told Petitioner that these people had been looking for her: they stated that they were Ecopetrol employees who needed to talk to her about a contract. On 18 August, Petitioner fled to the United States with her husband and son.

Petitioner argues that she demonstrated past persecution and a well-founded fear of persecution based on her political opinion and her membership in a particular social group: her acts with the Liberal Party in holding seminars to deter guerrillas from committing "irresponsible acts" that harmed the environment.

We consider only Petitioner's asylum claim. She also argues that she is entitled to withholding of removal and to CAT relief. But she raised only her asylum claim to the BIA. Petitioner has failed to exhaust her administrative remedies for the withholding of removal and CAT claims. We lack jurisdiction to consider these claims, and we dismiss them. See 8 U.S.C. § 1252(d)(1);

3

Fernandez-Bernal v. U.S. Attorney Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001).

We review the BIA's and IJ's[2] factual determinations under the substantial evidence test. Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001). Under the highly deferential substantial evidence test, we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1284 (quotation omitted). "To reverse the [BIA's and] IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (emphasis added).

An alien may obtain asylum if he is a "refugee": a person unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of," among other things, political opinion. 8 U.S.C. §§ 1101(a)(42)(A), 1158(a)(1), (b)(1). To establish asylum eligibility based on political opinion or another protected ground, the alien must--with credible evidence--establish (1) past persecution on account of her political opinion or another protected ground, or (2) a "well-founded fear" that her political opinion or

---

[2] "We review only the [BIA's] decision, except to the extent it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). In this case the BIA expressly adopted the IJ's decision; so we review the IJ's analysis as if it were the BIA's.

another protected ground will cause future persecution.  See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1230-31 (11th Cir. 2005) (citing 8 C.F.R. § 208.13(a), (b)).

Substantial evidence supports the determination that Petitioner failed to show that she suffered past persecution on account of her membership in the Liberal Party and her role in the environmental seminars.  Petitioner claims that she suffered past persecution by the ELN based on (1) the phone call telling her to leave the area where she was conducting the seminars, and (2) three persons breaking into her house, ransacking her desk, and leaving a message reading "snitches should be put on trial."  We do not doubt that these events were unpleasant.  But persecution is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted).  The phone call, break-in, and message do not rise to the level of past persecution that would compel reversal of the IJ's determination.  In addition, the evidence does not compel a conclusion that the persons targeted Petitioner because of her political opinion as a Liberal Party member.  Petitioner, instead, appears to have been targeted because of her concern for the environmental damage caused by guerrilla attacks on the oil industry.

5

And substantial evidence supports the determination that Petitioner failed to show a well-founded fear of future persecution. As we discussed above, the phone call and break-in do not rise to the level of persecution. Petitioner, also, has not shown that, upon return to Colombia, she will be "singled out" for persecution on account of her membership in the Liberal Party or her environmental beliefs. See Sepulveda, 401 F.3d at 1231-32. Petitioner may have led environmental seminars with an anti-guerrilla message in mid-1999. But our review of the evidence does not indicate that Petitioner's reputation as an environmental activist would outlast her five-and-a-half-year absence from Colombia. The evidence does not compel a conclusion that Petitioner has a well-founded fear of future persecution.

**PETITION DISMISSED IN PART, DENIED IN PART.**