[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 06, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15827
Non-Argument Calendar
_____

BIA No. A70-895-480

XIANG YONG WANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 6, 2006)**

Before DUBINA, HULL and RONEY, Circuit Judges.

PER CURIAM:

Xiang Yong Wang, through counsel, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming without opinion the immigration judge's ("IJ") denial of asylum and withholding of removal. Based on the IJ's findings that Wang's testimony was not credible, a decision uniquely the province of the trier of fact, substantial evidence supports the decision that Wang failed to meet his burden of proof on his various claims for relief. The petition for review is denied.

Wang, a native and citizen of China, arrived in the United States in 1993 without a valid unexpired immigrant visa or other valid entry document and was detained by the former Immigration and Naturalization Service ("INS"). Subsequently, Wang filed an application for asylum based on his political opinion, alleging that he was persecuted for violating China's birth control policy. Specifically, Wang stated that he and his wife had to run away from home after his wife became pregnant with their second child, and that when they returned "[a]fter [their] second child was born,"[1] their hut had been destroyed and they were ordered by the family planning workers to pay a fine. Wang claimed that the family planning workers wanted his wife to be sterilized, but because she was in poor

_____

[1] Of particular note, Wang's asylum application listed a name, Wang Xingqi, and date of birth, August 20, 1992, for his second child.

2

health she could not have the operation, and therefore, the family planning workers "were forcing [Wang] to have the sterilization operation." Thereafter, Wang allegedly fled China in order to avoid being sterilized, and came to the United States.

In 1996, the INS referred Wang's case to an IJ for a hearing on his asylum application after determining that he did not suffer past persecution or have a well-founded fear of future persecution, and therefore, had not met his burden of establishing his eligibility for asylum. In its assessment/referral memorandum, the INS specifically found that "[n]o serious repricussions [sic] were taken against [Wang's wife] by birth control authorities" after she refused to undergo a sterilization, and that she had continued to reside at the same address during the four years following the original request without ever being forcibly sterilized.

In 2002, Wang, who was still in removal proceedings, filed several documents in support of his asylum application, including an affidavit in which he stated that he left China because he and his wife were subject to coercive birth control measures against their will.

In 2004, Wang appeared before an IJ for a hearing on his asylum application, and upon questioning by the IJ, Wang's counsel explained that Wang was seeking asylum based on a claim that his wife was forced to undergo an

abortion, even though this was not the claim in the asylum application. Wang attempted to explain this inconsistency by testifying that the people who had prepared his application made a mistake, and that no one had ever read the application to him before he signed it.

The IJ denied Wang's claims for asylum, after making an adverse credibility determination, finding that Wang failed to present consistent and sufficient evidence to establish that his wife was forced to undergo an abortion, given that (1) his asylum application made no mention of an abortion, but instead focused on the threat of sterilization; (2) he never mentioned an abortion during his initial airport interview with the INS; and (3) his asylum application provided a name and date of birth for the second child, and the IJ found that Wang's explanation for this was not believable.

Wang appealed the IJ's decision to the BIA, and the BIA affirmed without opinion.

In his petition for review, Wang argues that his application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture and other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT") should have been granted because (1) the IJ erred by failing to consider the record as a whole; and (2) he was denied due process when the IJ based the

4

denial of his claim for asylum on inconsistencies between Wang's testimony and his initial asylum application.

When the BIA summarily affirmed the IJ's decision without an opinion under 8 C.F.R. § 1003.1(e)(4), the IJ's decision became the final agency determination subject to review. *See Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).

A credibility determination, like other factual findings, is reviewed under the substantial evidence test, and we "may not substitute [our] judgment for that of the [IJ] with respect to credibility findings." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004). "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application," so long as the IJ offers "specific, cogent reasons for an adverse credibility finding" and does not overlook other evidence produced by the asylum applicant. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).

> Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence. A credibility determination, like any fact finding, may not be overturned unless the record compels it.

Id. (quotations and citations omitted).

5

Substantial evidence supports the IJ's conclusion that Wang failed to meet his burden of proof to establish his eligibility for asylum, and nothing in the record compels us to reverse this finding. *See Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*), *cert. denied*, 125 S.Ct. 2245 (2005). The IJ made an adverse credibility determination based primarily on two material inconsistencies between Wang's asylum application and his testimony at the asylum hearing, namely whether Wang's wife was forced to have an abortion and whether Wang was ever detained and beaten. Because these credibility determinations are supported by substantial evidence in the record, and because the IJ properly considered Wang's corroborating evidence, we affirm the IJ's denial of asylum and deny the petition for review as to this issue. *See D-Muhumed*, 388 F.3d at 818. We note that there is no indication in the record that the IJ failed to consider the entire record, or that Wang was denied a fair hearing.

As to withholding of removal, an alien is entitled to withholding of removal under the INA if he or she can "show that his [or her] life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." *Mendoza*, 327 F.3d at 1287; *see also* INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). As a general rule, however, if "an applicant is unable to meet the 'well-founded fear' standard for asylum, he is generally

6

precluded from qualifying for either asylum or withholding of deportation." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1292-93 (11th Cir. 2001) (quotation omitted).

Because Wang failed to establish past persecution or a well-founded fear of persecution sufficient to support his asylum claim, he cannot establish that he is eligible for withholding of removal under the INA.

Wang also petitions for review of the denial of his claim for protection under the CAT. Because Wang did not exhaust his administrative remedies with respect to this claim, we hold that we lack jurisdiction to review this claim, and dismiss the petition in part. *See* INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Fernandez-Bernal v. Att'y Gen.*, 257 F.3d 1304, 1317 n.13 (11th Cir. 2001).

**PETITION DENIED** in part, **DISMISSED** in part.