[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11127
Non-Argument Calendar

_____

Agency No. A98-674-118

ANTONIO LITANO ZAPATA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 12, 2008)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Antonio Litano Zapata, a native and citizen of Peru, seeks review of the

Board of Immigration Appeals's ("BIA") decision affirming the Immigration

Judge's ("IJ") order of removal and denial of asylum, 8 U.S.C. § 1158(a)(1), withholding of removal, 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention on Torture ("CAT"), 8 C.F.R. § 208.16(c).[1]  After a thorough review of the record, we deny the petition.

We "review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Al-Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). If the BIA adopts the IJ's opinion, we will review the IJ's decision as well. Id. Legal determinations are reviewed de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). The IJ's and BIA's "findings of fact are reviewed under the substantial evidence test," and we must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Antipova v. U.S. Att'y Gen., 392 F.3d 1259, 1261 (11th Cir. 2004) (quotation omitted). Under this highly deferential standard of review, a denial of relief may be reversed only if the evidence would compel a reasonable factfinder to conclude that the requisite fear of persecution exists. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 815 n.1, 117 L.Ed.2d 38 (1992).

---

[1] Zapata has not raised any challenge to the denial of asylum and, therefore, he has waived the issue. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 (11th Cir. 2005). Additionally, Zapata failed to exhaust his administrative remedies with respect to the denial of CAT relief, thus we lack jurisdiction to hear that issue. 8 U.S.C. § 1252(d)(1); Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). Accordingly, we dismiss the petition in part on these grounds.

2

"To conclude that the BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." Niftaliev v. U.S. Att'y Gen., 504 F.3d 1211, 1215 (11th Cir. 2007) (internal quotations and citation omitted). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

Zapata argues that he established eligibility for withholding of removal based on uncontradicted, credible evidence that he had been the victim of past persecution. Specifically, he asserts that he was found credible and testified that the Matacabras, a group that targeted and attacked homosexuals and whose name roughly translated to "killing gay people," threatened his life on two occasions. On the second occasion, a group of knife-wielding Matacabras threatened to kill him and a co-worker, chased them, and stopped only after a stranger fired a gun in the air to scare the Matacabras away.

To qualify for withholding of removal under the INA, an alien must show that it is more likely than not that, if returned to his country, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion.[2] Mendoza v. U.S. Att'y Gen., 327

_____

[2] We note that the IJ did not make an explicit adverse credibility finding, as required under Yang v. U.S. Att'y Gen., 418 F .3d 1198, 1201 (11th Cir. 2005). Because the IJ did not make a specific finding as to credibility, we presume Zapata's testimony to be credible.

3

F.3d 1283, 1287 (11th Cir. 2003); see also 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." Mendoza, 327 F.3d at 1287. The alien can meet his burden by showing either: (1) "past persecution in his country based on a protected ground," in which case a rebuttable presumption is created that his life or freedom would be threatened if he returned to his country; or (2) "a future threat to his life or freedom on a protected ground in his country." Al Najjar, 257 F.3d at 1287. Although the regulations do not expressly define "persecution," this court has observed that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted). This court, however, has rejected a rigid requirement of physical injury, making clear that "attempted murder is persecution," regardless of whether the petitioner was injured and even if the attack is unsuccessful. Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231-33 (11th Cir. 2007); see also Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1257-58, 1257 n.7 (11th Cir. 2007) (extending the rule in Sanchez Jimenez to other projectiles such as rocks).

Here, even assuming, as we must, that Zapata's testimony was credible, we are not *compelled* to conclude that he suffered past persecution. Zapata identifies

Niftaliev v. U.S. Att'y Gen., 504 F.3d 1211, 1216 (11th Cir. 2007).

two incidents of harassment and intimidation, but these events do not rise to the level of past persecution under our precedent. Being chased by men carrying knives and shouting epithets does not equate with attempted murder. Moreover, mere discrimination against homosexuals does not rise to the level of persecution. See, e.g., Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000).

Moreover, Zapata has not shown "a future threat to his life or freedom on a protected ground in his country." We note that Zapata worked for a government agency providing information and education to the gay community. And Zapata admitted during the removal hearing that, since his departure from Peru, the country conditions have improved. Thus, Zapata has not shown a future threat on account of his status as a homosexual.

Accordingly, because the record does not *compel* us to conclude that Zapata was entitled to withholding of removal, we DENY the petition for review.

DISMISSED IN PART; DENIED IN PART.