[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-13520
Non-Argument Calendar

_____

Agency No. A73-724-750

DIEGO DIEGO-MARTIN,

                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 17, 2008)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

After applying for asylum in the United States, Diego Diego-Martin moved

to a new address. Because he did not submit his change of address, he did not receive his notice to appear, which the government sent via certified mail to the address he provided. The immigration judge (IJ) denied Diego-Martin's motion to reopen his removal proceedings. The Board of Immigration Appeals (Board) affirmed the IJ's order without opinion.

Diego-Martin, proceeding *pro se*, petitions for review of the Board's decision. He argues that the Board erred by not reopening his removal proceedings because he never received the notice, and the consequences of not appearing were never explained to him. He further argues that his due process rights were violated. For the reasons that follow, we deny Diego-Martin's petition.

We review the Board's denial of a motion to reopen for an abuse of discretion. *See Mejia-Rodriguez v. U.S. Att'y Gen.*, 178 F.3d 1139, 1145 (11th Cir. 1999). "We review only the Board's decision, except to the extent that it expressly adopts the IJ's opinion. Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (internal citation omitted).

"[A] mailing to the last known address is sufficient to satisfy the [government's] duty to provide an alien with notice of a deportation proceeding." *United States v. Zelaya*, 293 F.3d 1294, 1298 (11th Cir. 2002). "[A]n alien has an affirmative duty to provide the government with a correct address" and "[f]ailing to

2

provide [the government] with a change of address will preclude the alien from claiming that [the government] did not provide him or her with notice of a hearing." *Dominguez v. U.S. Att'y. Gen.,* 284 F.3d 1258, 1260 (11th Cir. 2002) (per curiam).

Any alien, who, after written notice has been provided, does not attend a proceeding, shall be ordered removed *in absentia* if the government establishes by "clear, unequivocal, and convincing evidence" that it gave written notice and the alien was removable. INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). An alien may seek rescission of an *in absentia* removal order by filing a motion to reopen (1) within 180 days after the order of removal and by demonstrating that his failure to appear was because of exceptional circumstances; or (2) at any time if the alien demonstrates that he did not receive proper notice of the removal proceedings or that he was in federal or state custody at the time of the proceedings and the failure to appear was not his fault. INA § 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C).

"Due process requires that aliens be given notice and [an] opportunity to be heard in their removal proceedings." *Fernandez-Bernal v. U.S. Att'y Gen.*, 257 F.3d 1304, 1310 n.8 (11th Cir. 2001). "Due process is satisfied so long as the method of notice is conducted in a manner reasonably calculated to ensure that notice reaches the alien." *Dominguez*, 284 F.3d at 1259 (citation and quotation marks omitted). Due process is satisfied where notice is mailed to "the most recent

3

address provided by the alien." *Id.* at 1260.

Here, the Board adopted the IJ's decision without opinion. Thus, we review the IJ's decision. *See Al Najjar*, 257 F.3d at 1284. After carefully reviewing the decision, the record, and the parties' briefs, we find no abuse of discretion. Because notice of Diego-Martin's removal hearing was sent to the most recent address provided, he was given proper statutory notice, and his due process rights were not violated. Accordingly, the Board did not abuse its discretion by denying his motion to reopen due to a lack of notice. His petition is denied.

**PETITION DENIED.**