[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 16, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11278
Non-Argument Calendar
_____

Agency No. A97-385-224

JORGE LUIS VARGAS-MOLINA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 16, 2006)

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Jorge Luis Vargas-Molina, a native and citizen of Colombia, petitions for review of the final order of the Board of Immigration Appeals ("BIA"), which

affirmed without opinion the immigration judge's ("IJ's") denial of asylum under the Immigration and Nationality Act ("INA").[1] On review, Vargas-Molina argues that the IJ erred by limiting her analysis to whether Vargas-Molina was threatened with forced recruitment by the Auto Defensas Unidas de Colombia ("AUC") because he was a member of a particular social group, rather than considering Vargas-Molina's allegations that he feared he would be killed by paramilitaries because he opposed their views and refused to join their efforts. After careful review, we affirm.

When the BIA issues an affirmance without opinion, the IJ's decision becomes the final order subject to review. Mendoza v. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). To the extent that the IJ's decision was based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). Factual determinations, however, are reviewed under

---

[1]Because we find that Vargas-Molina has not established a case for asylum under the INA, we do not address his arguments that he also satisfied the higher standard for withholding of removal under the INA. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

Pursuant to INA § 242(d)(1), 8 U.S.C. § 1252(d)(1), this Court may only review a final order of removal if "the alien has exhausted all administrative remedies available to the alien as of right." Thus, the failure to raise a claim with the BIA prevents this Court from exercising jurisdiction over it. See Fernandez-Bernal v. Att'y Gen. of the U.S., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). In order to raise a claim before the BIA properly, the alien must mention the issue in his brief and must discuss its merits, or at least the basis for the IJ's decision. See Alim v. Gonzales, 446 F.3d 1239, 1253 (11th Cir. 2006). Vargas-Molina did not appeal to the BIA from the denial of relief under the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment ("CAT"), and therefore we lack jurisdiction to review that claim.

the "highly deferential substantial evidence test," which requires us to "view the record in the light most favorable to the [IJ]'s decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 2245 (2005). Under this standard, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1, 117 L. Ed. 2d 38 (1992); see also Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) ("Findings of fact made by the Immigration Judge may be reversed by this Court only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." (internal citations and quotations omitted)).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on

3

account of race, religion, nationality, membership in a particular social group, or political opinion . . . ."  8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status.  See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001); 8 C.F.R. § 208.13(a).  The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his or her statutorily listed factor will cause future persecution.  8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287.  "To establish asylum  based on  past persecution , the applicant must prove (1) that [ ]he was persecuted, and (2) that the persecution was on account of a protected ground."  Silva, 448 F.3d at 1236 (citations omitted). "To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground."  Id. (citations omitted).

We have held that "[a]n imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA."  Al Najjar, 257 F.3d at 1289 (quotation omitted).  "An asylum applicant may prevail on a theory of imputed political opinion if he shows that the persecutor falsely attributed an opinion to

4

him, and then persecuted him because of that mistaken belief about his views." Id. (alterations and quotations omitted).

In the context of forcible recruitment, "the mere existence of a generalized 'political' motive underlying the guerrillas' forced recruitment is inadequate to establish (and, indeed, goes far to refute) the proposition that [the petitioner] fears persecution on account of political opinion, as [INA] § 101(a)(42) requires." Elias-Zacarias, 502 U.S. at 482. It is not enough to show that the petitioner was or will be persecuted due simply to his refusal to cooperate with the guerillas. See id. at 483 (holding that persecution due to a refusal to join forces with the guerillas is not persecution on account of a political opinion).

Here, substantial evidence supports the IJ's denial of asylum, as Vargas-Molina failed to present facts that demonstrated his entitlement to relief. Although Vargas-Molina alleged that on several occasions he was approached and threatened by AUC paramilitaries because he refused to join their group or cooperate with them in their objectives, he failed to state, let alone present evidence on, a political opinion, either in fact or imputed, in support of asylum. At best, the record shows that Vargas-Molina stated that he did not want to join the AUC because he was not a bad person and asked to be left alone. He did not testify about a political opinion or membership in a social group, and he offered no evidence that the AUC knew of

his political opinions or would persecute him because of his political opinions, rather than just his failure to comply with their demands.

Vargas-Molina also failed to establish that he was targeted for recruitment by the AUC because of his membership in a particular social group. Vargas-Molina presented evidence that the AUC targets children under the age of 18 and former military personnel for recruitment. Although Vargas-Molina asserted that he was a target because he was an intelligent young man, this fact alone is insufficient to establish membership in a particular social group as defined by the INA. See Matter of Vigil, 19 I.&N. Dec. 572, 574 (BIA 1988) (rejecting argument that young men in certain countries constitute a particular social group when it comes to guerilla recruitment). In fact, Vargas-Molina does not fit within the age range of the target population since he began to receive threats from the AUC in 2002, when he was 23 years old.

In short, the record indicates that the threats Vargas-Molina experienced were based on his refusal to cooperate and join forces with the AUC, which, without more, is insufficient to establish persecution. See Elias-Zacarias, 502 U.S. at 483. Vargas-Molina has not met his burden to show that the record compels a finding that he suffered past persecution, or that he had a well-founded fear of future persecution, based on his membership in a group protected under the INA,

rather than solely on account of his refusal to cooperate. Accordingly, we deny the petition for review.

**PETITION DENIED.**