[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11699
Non-Argument Calendar

_____

Agency No. A96-270-299

EDINSON SIERRA-ESPITA,

                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 30, 2006)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Edinson Sierra-Espitia (Sierra), a native and citizen of Colombia, petitions this Court for review of the Board of Immigration Appeals' (BIA's) order affirming, without opinion, the immigration judge's (IJ's) final order of removal and denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). After review, we deny Sierra's petition.

## I. DISCUSSION

### A. *BIA's Summary Affirmance*

On review, Sierra first argues the BIA erred by affirming, without opinion, the IJ's decision. Specifically, Sierra contends the BIA's order does not show whether the BIA actually considered his claims and deprives him of the chance to challenge the BIA's reasoning.

We review constitutional challenges *de novo*. *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003). Aliens present in the United States are entitled to due process under the Fifth Amendment. *Bernal v. Att'y Gen.*, 257 F.3d 1304, 1311 (11th Cir. 2001). To establish a due process violation, an alien must show he was deprived of liberty without due process of law and the asserted error caused him substantial prejudice. *Lonyem*, 352 F.3d at 1341–42.

Under 8 C.F.R. § 1003.1(e)(4), a single member of the BIA may affirm, without opinion, the decision of the IJ. We have previously rejected the argument

that the BIA's summary affirmance procedures deprive aliens of due process. *Lonyem,* 352 F.3d at 1342; *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1288 (11th Cir. 2003). We have noted "no entitlement to a full opinion by the BIA exists," and the fact "a single BIA member issued an affirmance without opinion (AWO) does not demonstrate that he did not review the facts" of the case. *Lonyem*, 352 F.3d at 1342. We have also explained "meaningful review of the INS's removability determination is not precluded by the brevity of the BIA's summary affirmance decision because an appellate court 'will continue to have the IJ's decision and the record upon which it is based available for review.'" *Mendoza,* 327 F.3d at 1289 (citing *Albathani v. INS*, 318 F.3d 365, 377 (1st Cir. 2003)).

Accordingly, we conclude the BIA did not violate Sierra's due process rights by summarily affirming the IJ's decision.

B. *Denial of Asylum, Withholding of Removal, and Relief Under CAT*

Sierra also argues the IJ erred in finding he did not present sufficient evidence to establish eligibility for the relief sought. He contends that, because the IJ found Sierra's testimony credible, the IJ contradicted herself when she found Sierra failed to show past persecution. Sierra further argues the IJ made an "unjustified inference" when she suggested Sierra might have been shot at by "criminals or anybody else." Sierra also points to cases from other circuits in

3

which death threats by anonymous callers were considered sufficient evidence of persecution. Additionally, Sierra contends the status of an appellant's family is irrelevant to the question of whether the fear of prosecution is valid, and therefore, the IJ improperly based her conclusion on the fact that Sierra's wife and daughter had not been harmed. Sierra also maintains the IJ's "obsessive insistence" on corroboration was improper because there are cases in which such evidence is not necessary or available, and the IJ gave no explanation regarding why it was necessary in this case. Also, Sierra claims he showed he had at least a ten percent chance of persecution if he returned to Colombia, which is all that is required to meet the statutory requirements. Lastly, Sierra points to other circuits that have held a petitioner can prove a well-founded fear of persecution by pointing to the treatment of other similarly situated people, and, therefore, the IJ erred in requiring Sierra to show he would be individually targeted.

Where, as here, the BIA summarily affirms the IJ's decision without an opinion under 8 C.F.R. § 1003.1(e)(4), the IJ's decision becomes the final agency determination subject to review. *See Mendoza*, 327 F.3d at 1284 n.1. To the extent the IJ's decision was based on a legal determination, we review the decision *de novo*. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). The IJ's factual determinations are reviewed under the substantial evidence test, and we must affirm the IJ's decision if it is "supported by reasonable, substantial, and

4

probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283–84 (11th Cir. 2001) (internal quotations omitted). We will reverse a finding of fact "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal . . . ." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

1. *Asylum*

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Attorney General and the Secretary of Homeland Security have discretion to grant asylum if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1).

A "refugee" is:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. *See Al Najjar*, 257 F.3d at 1284.

5

An alien is entitled to asylum if he can establish, with specific and credible evidence, (1) past persecution on account of political opinion or other statutorily listed factor, or (2) a well-founded fear that his political opinion or other statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(b); *Al Najjar*, 257 F.3d at 1287. If a petitioner demonstrates past persecution, he is presumed to have a well-founded fear of future persecution unless the government can rebut this presumption by showing a fundamental change in circumstances in the country or the ability to avoid future persecution by relocating within the country. 8 C.F.R. § 208.13(b)(1).

If a petitioner cannot show past persecution, he must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. *See Al Najjar*, 257 F.3d at 1289. The subjective component can be proved "by the applicant's credible testimony that he or she genuinely fears persecution," while the objective component "can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Id.* (internal quotations omitted). After establishing a well-founded fear of persecution, a petitioner must also establish the persecution cannot be avoided by relocating within the country. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005). A petitioner's claim that he cannot safely relocate in his home country to avoid future persecution is undermined by evidence that his family

remained without incident in the same region where the petitioner had allegedly been threatened. *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1259 (11th Cir. 2006).

Although the INA does not expressly define "persecution" for purposes of qualifying as a "refugee," *see* 8 U.S.C. § 1101(a)(42), we have stated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda*, 401 F.3d at 1231 (internal quotations omitted).

Substantial evidence supports the IJ's finding that Sierra did not show past persecution. Although Sierra testified he had received threatening phone calls from members of the Revolutionary Armed Forces of Colombia (FARC) informing him that he and his family would be killed if he did not cease his political activity, we have held menacing phone calls and threats do not rise to the level of past persecution. *Id.* Likewise, Sierra's testimony that two FARC members threatened him once in person is not sufficient evidence of persecution. Sierra also points to an incident in which he was shot at by two men on a motorbike. Sierra concluded that the men must have been FARC members because he did not have any other enemies. Although the timing of the incident permits an inference that the shooters

were FARC members targeting Sierra for his political beliefs, the record does not compel this conclusion.

Substantial evidence also supports the IJ's finding that Sierra did not show a well-founded fear of future persecution. While Sierra may subjectively fear future prosecution, the evidence in the record does not demonstrate that his fear is objectively reasonable. The FARC began targeting Sierra in early 2002, when Sierra began holding meetings at his restaurant in support of the presidential campaign of Alvaro Uribe, a liberal party candidate who is now the president of Colombia. In mid 2002, however, Sierra sold his restaurant and left Colombia. Sierra testified that, prior to campaigning for Uribe, he did not receive any threats from the FARC. Additionally, although Sierra testified that his wife received menacing phone calls after he left the country, he also admitted that the phone calls ceased in 2003 and his wife and daughter remain unharmed in Colombia. Further, Sierra produced no evidence that he would again be involved in politics if he returned to Colombia. Because the evidence in the record does not compel the conclusion that Sierra's fear is objectively reasonable, the IJ's decision to deny asylum is supported by substantial evidence.

## 2. *Withholding of Removal*

An alien is entitled to withholding of removal under the INA if he can show his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. *Mendoza*, 327 F.3d at 1287; 8 U.S.C. § 1231(b)(3)(A). As a general rule, however, if "an applicant is unable to meet the well-founded fear standard for asylum, he is generally precluded from qualifying for either asylum or withholding of deportation." *Al Najjar*, 257 F.3d at 1292–93 (internal quotations omitted). Because Sierra failed to establish a well-founded fear of persecution sufficient to support his asylum claim, he also failed to satisfy his burden for withholding of removal.

## 3. *Relief Under CAT*

To obtain relief under the CAT, the burden is on the applicant to establish that it is "more likely than not" he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2). Torture is defined as:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

9

*Id.* § 208.18(a)(1).  Because the standard for relief under CAT relief is higher than the standard for asylum, a petitioner who fails to establish eligibility for asylum is usually unable to carry his burden for relief under CAT.  *See Al Najjar*, 257 F.3d at 1303–04.  Because Sierra failed to establish his eligibility for asylum, his claim for relief under CAT also fails.

## II. CONCLUSION

The BIA did not violate Sierra's due process rights by summarily affirming the IJ's decision.  Additionally, substantial evidence supports the IJ's finding that Sierra is not entitled to asylum, withholding of removal, or relief under CAT.

**PETITION DENIED.**