[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 25, 2007
THOMAS K. KAHN
CLERK

No. 06-15912
Non-Argument Calendar

_____

BIA No. A97-924-594

ANIEL NOEL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 25, 2007)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Aniel Noel, pro se, petitions for review of the final order of the Board of

Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and for relief under the United Nations Convention Against Torture ("CAT"). After review, we dismiss in part and deny in part Noel's petition.

## I. BACKGROUND

Noel, a native and citizen of Haiti, illegally entered the United States on June 29, 2003. The Department of Homeland Security ("DHS") issued a notice to appear ("NTA"), charging Noel with removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled.

### A. Noel's Application and Testimony

Noel filed an application for asylum, withholding of removal and CAT relief, alleging persecution based on his political opinion. According to Noel's application and his hearing testimony, Noel was persecuted by the mayor of his hometown, Mole St. Nicholas. Noel lived with his cousin Bernard. The mayor seized Bernard's land and refused to compensate Bernard. After Bernard complained on the radio, the mayor sent police officers to Bernard's house. When they did not find Bernard, they shot the doors and windows.

When Noel arrived at Bernard's home and discovered the damage, he went

to the police station to complete a report. The police arrested Noel and put him in jail because the mayor had accused him of denouncing the government and of belonging to a group that was possibly plotting to overthrow the Lavalas government. The mayor told Noel, however, that he blamed Noel for encouraging Bernard to seek money for the seized land and that the real reason for Noel's arrest was that he could not find Bernard. Noel also was told that he would not be released until he divulged where Bernard was hiding. Noel was kept in jail for five days, during which time he was fed only two days and was beaten on three days. Noel was told that he was beaten because he spoke against the government and he was being punished in Bernard's place.

After five days, Noel was taken before a judge, but was sent back to jail when the mayor did not appear. As Noel was being taken out of the courthouse, he managed to escape. Noel stayed with his aunt in Port-de-Paiz until he left Haiti. When Noel left for the United States, Noel's wife and eight children relocated to Latortue, Haiti, where they continue to live unharmed.

Noel and his cousin Bernard belonged to a group called the Brigade of Vigilance, which performed activities such as cleaning the streets, helping people who needed to go to the hospital and planting trees. According to Noel, the group was not affiliated with any other organization and did not plot against the government. Neither Noel nor his cousin Bernard had ever denounced the

3

government.

**B.    IJ's Ruling**

The IJ denied Noel relief.  Among other things, the IJ found Noel's hearing testimony illogical, which diminished his credibility, and noted that Noel had failed to produce any documentation supporting his claim of persecution.  The IJ also concluded that, even if Noel had been arrested, his arrest was not on account of a statutory ground (such as his political opinion or membership in a social group) and noted that Noel had not made any statements against the government.  Thus, Noel was statutorily ineligible for asylum or withholding of removal.  As to future persecution, the IJ found that, if Noel was wanted by the Haitian government, it was because he had escaped from custody rather than because he had denounced the government.  The IJ also found that it was unlikely Noel would be pursued if he returned to Haiti because the government had changed.  Finally, the IJ noted that, in the two years since Noel had left Haiti, his wife and children had stayed in Haiti without harm.

**C.    BIA's Decision**

Noel appealed to the BIA, challenging the IJ's denial of asylum and withholding of removal.  Although Noel identified the denial of CAT relief in his issue statement, he did not present any argument with regard to this issue in his BIA brief.  The BIA adopted and affirmed the IJ's decision "insofar as [the IJ]

4

found that [Noel] had not satisfied his burden of proof for the requested relief."

The BIA specifically affirmed the IJ's finding that Noel had failed to establish that

any mistreatment was on account of a protected ground and noted that Noel's wife

and children remained in Haiti unharmed. The BIA also stated that it was

unpersuaded that the IJ's findings of fact were clearly erroneous.

Noel filed this petition for review.

## II. DISCUSSION

On appeal, Noel seeks to challenge the denial of CAT relief and also argues

that he is entitled to asylum as a matter of discretion based on being subjected to an

atrocious form of persecution. We cannot address these arguments, however,

because Noel failed to raise them with the BIA. See INA § 242(d)(1), 8 U.S.C.

§ 1252(d)(1) (requiring an alien to exhaust administrative remedies before seeking

judicial review); Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1317 n.13

(11th Cir. 2001) (explaining that we lack jurisdiction to review an issue an alien

fails to raise before the BIA); see also Alim v. Gonzales, 446 F.3d 1239, 1253

(11th Cir. 2006) (explaining that to properly raise an issue before the BIA, the

alien must mention the issue in his brief and discuss its merits or the basis for the

IJ's decision).

Noel also challenges the finding that he is statutorily ineligible for asylum or

withholding of removal.[1] Noel argues that he established both past persecution and a well-founded fear of future persecution on account of his political opinion.

To show eligibility for asylum based on political opinion, the alien must show that the persecution has taken place or will take place because of <u>his</u> political opinion, not the political opinion of his persecutor. <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 482, 112 S. Ct. 812, 816 (1992). Alternatively, an alien may qualify for political opinion asylum if he shows that he was persecuted because of an opinion that the persecutor attributed to him. <u>Al Najjar v. Ashcroft</u>, 257 F.3d 1262, 1289 (11th Cir. 2001).

Here, substantial evidence supports the finding of the BIA and the IJ that Noel failed to show that he was mistreated because of his political opinion. Under Noel's version of events, Noel and his cousin Bernard did not hold any particular political opinion, and Noel was not arrested and beaten because he or Bernard held any particular political opinion. Instead, according to Noel, the mayor was angry over Bernard's demand for compensation for the land the mayor seized. Noel was arrested and mistreated because the mayor wanted to find out where Bernard was

---

[1]Where, as here, the BIA expressly adopts the IJ's decision, we review both the BIA and the IJ's rulings. <u>Al Najjar v. Ashcroft</u>, 257 F.3d 1262, 1284 (11th Cir. 2001). We review a determination that an alien is statutorily ineligible for withholding of removal or asylum under the substantial evidence test. <u>Id.</u> at 1283-84. Under the substantial evidence test, "we must find that the record not only supports reversal, but compels it." <u>Mendoza v. U.S. Att'y Gen.</u>, 327 F.3d 1283, 1287 (11th Cir. 2003). The fact that evidence in the record may support a conclusion contrary to the administrative findings does not warrant reversal. <u>Adefemi v. Ashcroft</u>, 386 F.3d 1022, 1027 (11th Cir. 2004) (<u>en banc</u>).

6

hiding and hoped that Noel would divulge Bernard's location.  Although the mayor publicly accused Noel and Bernard of plotting against and denouncing the Lavalas government to facilitate Noel's arrest, Noel does not contend that this was the real reason for his arrest.  Accordingly, Noel has failed to show a nexus between his political opinion or an imputed political opinion and any mistreatment he has suffered or might suffer in Haiti.

Because Noel failed to carry his lower burden of proof with regard to asylum, he is also ineligible for withholding of removal.  See Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

**PETITION DENIED IN PART, DISMISSED IN PART**.