[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10623
Non-Argument Calendar

_____

BIA No. A98-542-561

YONGZHENG CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 31, 2007)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Yongzheng Chen, a native and citizen of China, petitions this court for

review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") order finding him removable and denying his applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA"). For the reasons that follow, we deny the petition.

## I. BACKGROUND

Chen entered the United States in January 2004 without being permitted or paroled. In August 2004, the INS issued him a notice to appear, charging him with removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Chen then applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"), alleging that he was persecuted by Chinese authorities because of his political opinion. At his removal hearing, Chen testified as follows:

Chen was a pilot for a transporter ship that carried construction materials within China. In November 2003, he used the ship to transport several Bibles for a Christian church. Although Chen was a Buddhist and had no involvement with the church or Christianity, he transported the Bibles as a favor for a friend. Later that day, Chen was arrested by Chinese authorities for illegally transporting religious materials for an underground church. He was detained for seven days and asked to pay a fine. On his first day in custody, the police beat him with a rod. After his wife paid the fine, Chen was released and told that he had to return to court to

2

continue with his legal proceedings. Rather than return to court, however, Chen fled China and came to the U.S. He stated that he feared returning to China because the Chinese Government "would sentence" him because he "left the country illegally."

In support of his application, Chen submitted a copy of a detention warrant, which stated that Chen had been arrested for "illegally transporting religious literature for underground churches." Chen also submitted a letter from his wife, stating that the family (including Chen's parents and his wife's parents) had been subjected to weekly interrogations, fines, threats, discrimination, and harassment since Chen's escape from China.

The IJ denied relief, concluding that Chen had failed to establish that his arrest and alleged beating were on account of a statutorily enumerated ground. Rather, the IJ found that Chen was targeted "because of his participation in illegal activities." The IJ also concluded that the alleged beating does not constitute persecution; Chen lacked a well-founded fear of future persecution on account of an enumerated ground; and Chen failed to show that there was a likelihood or plausibility that he would be tortured if he returned to China.

Chen appealed to the BIA, which affirmed. Noting that the IJ had not made an adverse credibility determination, the BIA determined that there were inconsistencies between Chen's application and his testimony at the removal

3

hearing. The BIA also concluded that Chen was not arrested because of his imputed religion but because he violated Chinese law; the detention and alleged beating did not rise to the level of persecution; and Chen failed to demonstrate a well-founded fear of future persecution.

Chen now petitions this court for review.

## II. DISCUSSION

We review only the BIA's decision except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent that the decision is based on a legal determination, we review the decision de novo. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254 (11th Cir. 2006). Factual determinations are reviewed under the substantial evidence test, and this court "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (citation and internal quotation marks omitted). Additionally, "[u]nder the substantial evidence test, we review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Ruiz, 440 F.3d at 1255. Thus, "a finding of fact will be reversed only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Id. (citation omitted).

## A. Asylum

The Attorney General has discretion to grant asylum if an alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The INA defines a refugee as

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant bears the burden of proving refugee status. Al Najjar, 257 F.3d at 1284. To meet this burden, the applicant must establish, with specific and credible evidence, (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. "[O]nly in a rare case does the record compel the conclusion that an applicant for asylum has suffered past persecution or has a well-founded fear of future persecution." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1239 (11th Cir. 2006). Indeed, "persecution is an extreme concept." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotation marks omitted). "Not all exceptional treatment is persecution." Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000). And the applicant must show that the persecution was, "at least

5

in part, motivated by a protected ground." Rivera v. U.S. Att'y Gen., 487 F.3d 815, 821 (11th Cir. 2007).

If the asylum applicant establishes past persecution on account of a statutorily protected ground, he is presumed to have a well-founded fear of future persecution, unless the government can rebut the presumption. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004). If he cannot show past persecution, then he must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. Ruiz, 440 F.3d at 1257. The subjective component can be established "by the applicant's credible testimony that he or she genuinely fears persecution," while the objective component "can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." Id.

Upon careful review of the record and the parties' briefs, we conclude that the record does not establish that Chen suffered past persecution on account of a protected ground. Rather, the record supports the BIA's conclusion that Chen's arrest, detention, and alleged beating were on account of his transporting religious literature on his ship in apparent violation of Chinese law, not on account of his political opinion or any other statutorily protected ground. Moreover, it is not clear that these incidents rose to the level of persecution given that Chen was only beaten on the first day of the seven-day detention, and he was released after his

6

wife paid a fine.  See Sepulveda, 401 F.3d at 1231.

We also conclude that Chen has not demonstrated a well-founded fear of future persecution on account of an enumerated ground that is both subjectively genuine and objectively reasonable.  See Ruiz, 440 F.3d at 1257.  Chen testified that he fled China because he feared he would be imprisoned for leaving China illegally—not because he feared persecution on account of his political opinion, imputed religion, or any other statutorily protected ground.  And nothing in the record establishes that Chen has an objectively reasonable basis to fear that he would be persecuted in China on account of a protected ground.  Although Chen's wife (via letter) asserted that the family had been fined, harassed, threatened, and discriminated against since Chen's departure from China, there is no evidence that any of these incidents were on account of a statutorily protected ground.

Because the record does not compel the conclusion that Chen suffered past persecution or that he has a well-founded fear of future persecution on account of a statutorily protected ground, we affirm the BIA's denial of asylum.

## B.  Withholding Removal

Because Chen cannot establish eligibility for asylum relief, he therefore cannot meet the more stringent burden for withholding of removal.[1]  See Forgue v.

[1] In his appellate brief, Chen raises the issue of relief under the United Nations Convention Against Torture ("CAT").  But he failed to challenge the IJ's denial of CAT relief in his appeal to the BIA.  He has therefore failed to exhaust his available administrative remedies

7

U.S. Att'y Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005) (stating that where a petitioner fails to establish his asylum claim on the merits, his claim for withholding of removal necessarily fails).

## III. CONCLUSION

For the foregoing reasons, we **DENY** the petition.

---

regarding this issue, and we lack jurisdiction to consider it. Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001).