[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-13249
Non-Argument Calendar

_____

BIA No. A200-030-352

TING QI YANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 16, 2008)**

Before BIRCH, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Ting Qi Yang petitions this court for review of the Board of Immigration

Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") order of removal and denial of asylum, withholding of removal, and CAT relief.

Yang, a native and citizen of China, entered the United States in July 2005 without being admitted or paroled, and the Department of Homeland Security issued a notice to appear charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). In September 2005, Yang filed an asylum application alleging that he had been beaten and detained by the Chinese government due to his practice of Christianity. He further indicated in this application that he feared future harm from (a) the government because he left the country illegally and (b) the "snakehead," or smuggler, who helped him come to the United States and to whom he still owed money. In June 2006,[1] Yang filed a second application withdrawing any claim of past persecution, denying that he had been jailed, and clarifying that he was seeking relief solely due to his fear of future harm.

At the removal hearing, Yang admitted the allegations and conceded removability. Yang then explained that he had been involved in the Christian church in China prior to 2000, but that he had not been involved in the church since 2000. In 2005, Yang was arrested due to his involvement in the church and his plans to leave China. He was detained for two weeks, during which he was

---

[1] Although the date of this second application is in dispute, the timeliness of the application is not an issue.

beaten and questioned about his church, his future plans to leave China, and the "snakehead" who was to help him flee. At this point in the hearing, the IJ expressed concern over the inconsistencies between the asylum applications. In response, Yang submitted an affidavit confirming that he had withdrawn his past persecution claim. Recognizing that Yang had little education, the IJ offered Yang the opportunity to resubmit his application to avoid any inconsistencies, but Yang declined to do so. Yang then testified that economic life in China was difficult, prompting him to come to the United States to earn more money. Yang left China with the help of a snakehead, to whom he now owed a significant amount of money. As a result of this debt, Yang feared he would be harmed if he returned to China. He also feared the Chinese government would harm him because he had left the country illegally and because he had been involved with a church.

The IJ denied relief, finding that the REAL ID Act standards applied but making no explicit adverse credibility finding due to Yang's limited education. The IJ noted, however, that the vague and inconsistent testimony was not supported by any corroborating evidence. The IJ considered the testimony and concluded that Yang had not met his burden to show he was persecuted on account of a protected ground. Specifically, the IJ noted that people smuggled into the United States did not qualify as a particular social group for purposes of relief from removal. Finally, the IJ rejected Yang's argument that he had a reasonable fear of

3

retaliation for leaving the country and filing an asylum application.

In his appeal to the BIA, Yang asserted that he was entitled to withholding and CAT relief because it is more likely than not that he will be persecuted upon his return to China as he left the country illegally and was involved with the church. The BIA affirmed the IJ's decision, noting the discrepancies in the testimony and applications and the lack of corroborating evidence. The BIA also found that there was no evidence connecting the alleged arrest to a protected ground. Additionally, the BIA found that illegal departure from China did not qualify as a protected ground. With regard to any future fear, the BIA concluded that there was no objectively reasonable fear of future persecution, as Yang's family continued to live in China. This petition for review followed.

Yang now argues that the IJ erroneously concluded that he had not established past persecution on account of his religion. He also contends he has a well-founded fear of future persecution because he left China illegally and made statements against China in his application for asylum. He further asserts that he was entitled to relief under CAT because the IJ based the denial of CAT relief on the fact that the IJ denied asylum even though the two bases for relief are independent. He disputes that his testimony was vague or inconsistent and contends he was not required to submit corroborating evidence. Finally, Yang requests that this court remand the case to submit new evidence and for an

4

evaluation of Yang's competency.[2]

We review only the BIA's decision except to the extent the BIA expressly adopts the IJ's opinion or reasoning. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review legal issues de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-1248 (11th Cir. 2001). The BIA's factual findings are reviewed under the substantial evidence test, and we will affirm if the BIA's decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-1284 (11th Cir. 2001). "To reverse a factual finding by the BIA, this court must find not only that the evidence supports a contrary conclusion, but that it compels one." Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1320 (11th Cir. 2001).

The Attorney General has discretion to grant asylum if an alien meets the INA's definition of "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The INA defines "refugee" as follows:

> [A]ny person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of . . . religion . . . [or] membership in a particular social group . . . .

---

[2] Yang had submitted the 2006 State Department Country Report in support of his asylum claim. He now asserts that the IJ should not have relied on the State Department Report, as it is outdated. This court has rejected that argument. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006).

5

8 U.S.C. § 1101(a)(42)(A) & (B). The asylum applicant bears the burden of proving refugee status. Al Najjar, 257 F.3d at 1284. To meet this burden, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. If the alien establishes past persecution, he is presumed to have a well-founded fear of future persecution unless the government can rebut the presumption. D-Muhumed, 388 F.3d at 818 (citing 8 C.F.R. § 208.13(b)(1)(i), (ii)). If he cannot show past persecution, then the petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. Ruiz, 440 F.3d at 1257; Al Najjar, 257 F.3d at 1289. The subjective component can be proved "by the applicant's credible testimony that he or she genuinely fears persecution," while the objective component "can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." Ruiz, 440 F.3d at 1258; Yang, 418 F.3d at 1202.

An alien is entitled to withholding of removal to a country if his "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). To establish eligibility for CAT relief, an alien must establish that it is more likely than not that he would be tortured if returned to the

6

proposed country of removal.[3]  8 C.F.R. § 208.16(c)(2).  Because the more-likely-than-not standard applicable to withholding of removal and CAT claims is more stringent than the well-founded-fear standard that applies to asylum claims, ineligibility for asylum generally precludes withholding of removal and CAT relief eligibility.  Al Najjar, 257 F.3d at 1292-1293, 1303-1304.

As an initial matter, Yang filed his application after the effective date of the REAL ID Act, and, therefore, the provisions of that Act apply.  See REAL ID Act §§ 101(h)(2), 106(d), Pub. L. No. 109-13, 119 Stat. 231 (2005).  Under the Act, there is no longer a presumption of credibility.[4]  8 U.S.C. § 1158(b)(1)(B)(iii).  The IJ may consider the totality of the circumstances, including inconsistencies, to determine whether the alien is credible, regardless of whether these inconsistencies go to the heart of the claim.  If an alien's testimony is credible, it may be sufficient, without corroboration, to satisfy his burden of proof in establishing his eligibility for relief from removal.  8 C.F.R. §§ 208.13(a), 208.16(b); Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).  The weaker the applicant's

---

[3]  Torture is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, . . . or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 208.18(a)(1)

[4]  Nevertheless, the IJ must make explicit adverse credibility determinations supported by specific cogent reasons.  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).  Here, the IJ made no such explicit adverse credibility finding.

testimony, however, the greater the need for corroborative evidence. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Where the IJ determines that the alien should provide evidence to corroborate otherwise credible testimony, the alien must submit corroborating evidence unless he can show the evidence is unavailable and cannot be reasonably obtained. 8 U.S.C. § 1158(b)(1)(B)(ii).

Upon review, we conclude that Yang has abandoned his claims of persecution on account of his membership in a particular group of persons smuggled into the United States because he does not raise this issue on appeal. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 (11th Cir. 2005). In addition, Yang failed to exhaust his claim of past persecution by not presenting it to the BIA. Yang also failed to exhaust the question of whether he was entitled to asylum relief, as he addressed only withholding and CAT relief in his appeal to the BIA. Thus, we lack jurisdiction to review these issues. Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). Moreover, we lack jurisdiction to remand the case for a competency determination, as Yang did not raise this issue before the IJ or BIA. Id. Accordingly, we dismiss the petition on these grounds.

We further conclude that Yang is not entitled to relief on the ground that he feared he would be harmed for illegally departing China. Yang cannot demonstrate a nexus between the alleged persecution or fear of persecution and one of the protected grounds. See Perlera-Escobar v. Executive Office for

8

Immigration, 894 F.2d 1292, 1297 (11th Cir. 1990) ("Even a clear probability that an alien's life is threatened without any indication that the basis of the threat is related to a statutorily enumerated ground is insufficient to establish eligibility for relief."). Yang's departure from China, even if illegal, does not constitute a protected ground. Because Yang failed to show he had a well-founded fear of future persecution for asylum, he cannot meet the higher standard for withholding of removal and CAT relief. Moreover, the fact that Yang fears arrest if he returns does not establish that it is more likely than not he will be tortured. See 8 C.F.R. § 208.18(a)(1). Accordingly, we deny the petition on these grounds.

PETITION DISMISSED IN PART and DENIED IN PART.