[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2010
JOHN LEY
CLERK

_____

No. 09-15749
Non-Argument Calendar

_____

Agency Nos. A088-147-273
A088-147-274

HILARIO MATEO MARTIN,
PASCUAL MATEO JUAN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 16, 2010)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Hilario Mateo Martin, a citizen of Guatemala, proceeding *pro se*, seeks

review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") order of removal and denying Martin's application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c).[1] Martin argues that the BIA erred in concluding that he failed to show past persecution or a clear probability of future persecution. After careful review, we dismiss the petition in part and deny the petition in part.

## I.      Background

On January 20, 2006, Martin filed an application for asylum, withholding of removal, and CAT relief, based on his Mayan ethnicity. Immigration and Customs Enforcement ("ICE") subsequently issued a Notice to Appear ("NTA") against Martin, which alleged that he entered the United States without inspection at Nogales, Arizona in July 1998, and was removable for being present in the United States without being admitted or paroled, pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).

In removal proceedings, Martin conceded removability and testified that he came to the United States after his father had been killed by members of the guerilla forces. He testified that he believed the guerillas killed his father because the guerillas did not want the local inhabitants of the area in the places where the

---

[1] Martin is the lead applicant in this case, which also includes his son, Pascual Mateo Juan.

guerillas were hiding.  After his father's death, Martin's mother and three siblings

moved to a different town in Guatemala.  Martin testified that his mother still

resides in that town, but that his siblings have moved away.  Finally, Martin

testified that the his mother informs him that the guerillas are still causing

problems in the area, and that he is afraid that if he returns to Gautemala he will be

harmed by the guerillas.

The IJ ordered Martin removed and denied his application, finding that (1)

Martin had not submitted his application within one year of entering the country

and therefore was ineligible for asylum, (2) that Martin, although a credible

witness, had failed to show that it is more likely than not that he would be

persecuted on account of his Mayan ethnicity and therefore was ineligible for

withholding of removal, and (3) that Martin had failed to show that it is more

likely than not that he would be tortured if returned to Guatemala and therefore did

not qualify for relief under CAT.  The BIA affirmed the IJ's decision denying

withholding of removal and relief under CAT and dismissing the asylum

application as untimely.  Martin thereafter filed a petition for review challenging

the denial of asylum and withholding.[2]

---

[2] Although Martin mentions in his brief that he qualifies for asylum, he did not challenge the IJ's finding that his asylum application was untimely before the BIA.  His asylum claim is therefore unexhausted and we lack jurisdiction to review it. *Fernandez-Bernal v. U.S. Att'y Gen.*, 257 F.3d 1304, 1317 n.13 (11th Cir. 2001).  Similarly, Martin did not present any argument in his brief regarding his eligibility for relief under CAT and, therefore, he has abandoned that claim.

## II.     Statutory Framework for Withholding of Removal

Under the INA, a noncitizen shall not be removed to his country of origin if his life or freedom would be threatened in that country on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). To qualify for withholding of removal, the applicant "bears the burden of demonstrating that it is more likely than not [that] []he will be persecuted or tortured upon being returned to her country." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (quotation omitted).

An applicant may satisfy his burden of proof for withholding of removal in two ways. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir.2006). First, an applicant may establish past persecution based on a protected ground. *Id.* If he establishes past persecution, it is presumed that his life or freedom would be threatened in the future, but the presumption can be rebutted by a showing of a fundamental change in circumstances or the applicant's ability to avoid a future threat via relocation to another part of the country of removal. 8 C.F.R. § 208.16(b)(1)(i). In "determining whether an alien has suffered past persecution, the IJ must consider the cumulative effect of the allegedly persecutory incidents." *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1008 (11th Cir.2008). Second, an applicant may establish that it is more likely than not that (1) he would be

*Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

4

persecuted in the future on account of one of the five enumerated grounds; and (2) he could not avoid this future threat to his life or freedom by relocating, if under all the circumstances it would be reasonable to expect relocation. 8 C.F.R. § 208.16(b)(2). The fear of future persecution must be "subjectively genuine and objectively reasonable." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1289 (11th Cir. 2001).

### III.    Standard of Review

Where, as here, the BIA issues a decision and does not adopt the IJ's decision, we review only the BIA's decision. *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 890 (11th Cir. 2007). We review the BIA's legal conclusions *de novo* and factual findings under the substantial evidence test. *Mejia v. U.S. Att'y Gen.* 498 F.3d 1253, 1256 (11th Cir. 2007) (quotation marks and citation omitted). Under this highly deferential standard, we affirm factual determinations "unless [a] reasonable adjudicator would be compelled to conclude to the contrary." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc).

### IV.    Discussion

Martin challenges the BIA's denial of his application for asylum and withholding of removal. Initially, his petition for review is dismissed as to his asylum claim because he failed to exhaust this claim before the BIA. *Fernandez-*

5

*Bernal v. U.S. Att'y Gen.*, 257 F.3d 1304, 1317 n.13 (11th Cir. 2001).   Therefore, we only address Martin's withholding of removal claim.  Martin argues generally that he was persecuted based on his Mayan ethnicity.  He maintains that guerillas killed his father because they viewed the Mayans as enemies, and that he suffered multiple harms because of his Mayan ethnicity.  He also argues that because guerillas are still harming Mayans in Guatemala, he fears for his life if he is returned there.

Based on a review of the record and the parties' briefs, we conclude that Martin has not established that it is more likely than not that he will be persecuted on account of his Mayan ethnicity if he returns to Guatemala.  Martin points to the death of his father as evidence of past persecution, but there is nothing in the record to suggest that the guerillas killed Martin's father because he was Mayan.  Martin was never harmed or threatened personally while he lived in Guatemala and has not been threatened on account of his Mayan ethnicity since he left Guatemala.  Although he claims he suffered "multiple harms" by the guerillas and the Guatemalan Army, he did not present evidence, in the form of testimony or otherwise, of the alleged harms.  Therefore, Martin has not satisfied his burden of proof for withholding of removal and the BIA properly denied his application.

**PETITION DISMISSED IN PART AND DENIED IN PART.**